UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN ADMIRALTY

IN THE MATTER OF THE PETITION                    Case No.:
OF JONATHAN AND RACHEL STEINKE, as
Owners of Vessel bearing HIN: PWV16309H920,
its engines, tackle, apparel, appurtenances, etc.,
for Exoneration from or Limitation of Liability,

    Petitioners.
_____/

**PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

    Petitioners, JONATHAN STEINKE and RACHEL STEINKE, as Owners of a fishing vessel ANYFINS POSSIBLE, a 2020 28' Blue Wave Makaira Vessel bearing Hull Identification Number (HIN) PWV16309H920, its engines, tackle, apparel, appurtenances, etc., (the "Vessel"), under Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F, Middle District Admiralty and Maritime Practice Manual, Section 6, and 46 U.S.C.A. §§30501, *et seq.* file this Petition for Exoneration from or Limitation of Liability, and state as follows:

    1.    This is an Admiralty and Maritime Action within the meeting or Rule 9(h), Supplemental Rules for Admiralty and Maritime Claims, and the Middle District of Florida, Admiralty and Maritime Practice Manual, Section 6.

    2.    Jurisdiction is proper pursuant to 28 U.S.C.A. §1333 and 46 U.S.C.A. §§30501, *et seq*.

3. Venue is proper in this District under Rule F(9), Supplemental Rules for Admiralty and Maritime Claims, in that the Vessel has not been attached or arrested and suit has not been commenced against Petitioners, as Owners of the Vessel, with respect to the incident described below, and the Vessel and the Petitioners are located in/reside in Lee County, Florida.

4. Upon information and belief, Claimants will/may include the following: the Estate of Shylah Desamours, who resided in/and which is located in Lee County, the other occupant of the PWC, Dayana Lastra-Suarez and the owner of the PWC, Lisdie Montano.

5. The subject Vessel is a 2020 28' Blue Wave Makaira Vessel bearing Hull Identification Number PWV16309H920.

6. At all times material to this Complaint, the Vessel was owned by Petitioners, Captain Jonathan Steinke ("Capt. Steinke"), and his wife, Rachel Steinke.

7. At all times material to this Complaint, the Vessel was seaworthy, properly manned, equipped and furnished, and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel, etc., all in good order and condition and suitable for their intended use.

8. On August 30, 2025, at approximately 15:45, Capt. Steinke was at the helm of the Vessel. On board were three passengers. The Vessel was headed from Safety Harbor in North Captiva Island towards the ICW to head into the Caloosahatchee River heading towards the Rosen Park Boat Ramp where Capt. Steinke's trailer was located. Capt. Steinke was maintaining a 360° lookout and

observed no obstructions in the vicinity. Notably, he observed one boat approximately one mile ahead of him. He continued to scan the area for other vessel traffic. Notably, no other passenger on the Vessel, including the two people sitting on the bow, saw any other vessel traffic prior to the incident. Capt. Steinke maintained course and speed and did not alter his course or speed at any time prior to the incident. Capt. Steinke heard contact coming from the bow area of the Vessel. He estimates that he was about ½ mile to 1 mile south-southeast of Safety Harbor when the collision occurred. Capt. Steinke immediately turned his Vessel around to determine what he collided with and learned that a PWC with two occupants had struck his Vessel. Capt. Steinke pulled both PWC occupants onto his Vessel to render first aid (hereinafter, the "Incident").

9. Upon information and belief, Ms. Shylah Desamours was pronounced deceased after recovery; and Ms. Lastra-Suarez was air lifted to Gulf Coast Medical Center.

10. Rachel Steinke was not present on the Vessel on the day of the Incident and did not participate in, had no privity or knowledge of, and had no reason to know about the loss and injuries resulting from the Incident.

11. There are no suits arising out of the aforesaid Incident presently pending against Petitioners; however, Petitioners are aware that the Incident resulted in death to one of the passengers on the PWC.

12. The operators of the PWC were negligent in their operation of the PWC. Specifically, but without limitation and by way of example, they failed to maintain proper look out in violation of Navigational Rule 5, operated at speeds too fast for

conditions in violation of Navigational Rule 6, failed to assess the risk of collision in violation of Navigational Rule 7, and failed to take action to avoid collision in violation of Navigational Rule 8, failed to properly execute an overtaking situation under Rule 13. This list is not exhaustive and may be amended and/or supplemented during discovery.

13. The Incident at issue and any ensuing damages, personal injury, death, and property loss, were not caused by any fault of the Vessel, its owners, or any person or entity for whose actions the owners are responsible. Neither the Vessel, nor its owners, the Petitioners, are liable to any extent, and they are entitled to exoneration from liability for all losses, injury, death and damages occasioned and incurred by, or as a result of, the incident.

14. Petitioners further allege all losses, injury, death and damages resulting from the incident, occurred as a result of the actions, omissions, or conditions which Petitioners did not participate in, had no knowledge of, and had no reason to know about.

15. Petitioners, as Owners of the Vessel, should be exonerated of and from any liability for losses, injuries, death or damages arising out of the incident described above, as it was not caused by any fault, neglect or want of care of Petitioners or any defect of the Vessel.

16. Thus, and without admitting liability, in the event the Vessel is held responsible to anyone by reason of the matter set forth above, Petitioners claim the benefit of the limitation of liability provided in 46 U.S.C.A. §§30501, *et seq.*, and claim

exoneration from or limitation of liability for any wrongful death, injuries, damages and losses of whatever description arising out of the aforesaid Incident, and desires to contest the liability in the event claims are made and allege that they have valid defenses to such claims based on the facts and applicable law.

17. The Vessel appeared to sustain damage as a result of the Incident and there is no pending freight arising from the Incident.

18. The Vessel's insured value was $150,000.00. See Declaration of Value, attached hereto as **Exhibit A**.

19. Petitioners with the filing of this Petition, established a limitation fund of $150,000.00 by filing a Letter of Undertaking with the Court, and the sum being equal to or more than the value of the Vessel immediately following the Incident that occurred on August 30, 2025.

20. Petitioners are of the opinion that Claimants may allege that damages exceed the value of their interest in the limitation fund and the post-casualty value of the Vessel.

21. All and singular premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court and constitute a claim for relief within the meaning of Federal Rule of Civil Procedure 9(h).

**WHEREFORE**, Petitioners, JONATHAN STEINKE and RACHEL STEINKE, as Owners, of the Vessel respectfully request:

a) For an Order

1) that due appraisement be made of the amount of the value of Petitioners' interest in the Vessel after said Incident; and

2) directing the issuance of a Monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or resulting from the aforesaid Incident, citing them to file their claims with the Clerk of the Court and serve or mail to the attorney for Petitioners copies thereof on or before the date to be named in said Monition further to appear and answer the allegations of this Petition according to the law and practice of this Court at or before a time certain to be fixed by said Monition; and

b) that an Injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the incident aforesaid, and the commencement or prosecution thereafter of any suit, action, or legal proceeding of any nature or description whatsoever, except in the present proceeding, against Petitioners and/or the Vessel in respect of any claim or claims arising out of the incident of August 30, 2025, as described above; and

c) for a decree adjudging:

1) that neither Petitioners nor the Vessel are liable to any extent for any losses, damages or injuries for any claim whatsoever, in any way arising out of or in consequence of the aforesaid incident of August 30, 2025, as stated above;

2) or if Petitioners shall be adjudicated liable, then that their liability be limited to the amount of the value of their interest in the said Vessel at the time of the

6

aforesaid incident described in this Petition, and that any monies decreed to be paid be divided pro rata amongst such claimants as may duly prove their claims, saving to all parties and any priorities to which they may be legally entitled, and that a decree thereupon be entered discharging Petitioners from all further liability; and

d) that Petitioners may have such other and further relief as the justice of the cause may require.

Dated this 12th day of February 2026.

Respectfully submitted,

*/s/ Anthony J. Cuva*
Anthony J. Cuva
Florida Bar No.: 896251
E-mail: acuva@tcb-law.com
Emma Canniff
TURKEL CUVA BARRIOS GUERRA
100 North Tampa Street, Suite 1900
Tampa, FL  33602
Phone: (813) 834-9191
Fax: (813) 443-2193
*Attorney for Petitioners*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Anthony J. Cuva*